Abraham J. Gellinoff, J.
This is an article 78 proceeding brought by a landlord to review two over-all determinations of the State Bent Administrator. The first group of orders, now sought to be vacated, upheld a determination by the Local Bent Administrator granting the tenants of some 19 apartments in subject building a rent reduction because of landlord’s failure to maintain an essential service, namely, the proper maintenance and repair of windows.
That petitioner expended time and money in a sincere effort to correct the conditions is laudable; but the fact remains that respondent has found — and a review of the lengthy record demonstrates a reasonable basis for his determination and substantial evidence to support it —that these particular essential services were not being maintained. Accordingly, respondent’s determination in this regard should not be disturbed (Matter of First Terrace Gardens v. McGoldrick, 1 N Y 2d 1; Matter of Santora v. Temporary State Housing Rent Comm., 11 A D 2d 776).
The second determination to be reviewed revoked rent increases which were granted by the Local Bent Administrator based on the 6% net-annual-return formula.
The Local Bent Administrator acted on the theory that, since the tenants concerned had already obtained rent reductions based on the failure to provide the aforesaid essential services, they had already been ‘ ‘ compensated ’ ’, and that, therefore, the landlord was not barred from obtaining rent increases under the 6% formula. The respondent, in revoking the “ six per cent increases”, acted on the theory that maintenance of the particular services here involved, at the time the Local Bent Administrator issued the order of rent increase, was a condition precedent to the granting of such an order.
Section 33 of the State Bent and Eviction Begulations plainly says that “No landlord shall be entitled to any increase in the maximum rent under this section unless he certifies that he is maintaining all essential services provided or required to be provided with the housing accommodations involved as of the *894 date of the issuance of the order adjusting the maximum, rent ” (see Matter of Halperin v. Caputa, 10 A D 2d 286, affd. 8 N Y 2d 916). What does or does not constitute “ Essential services ” is defined by section 3 of the regulations. The respondent, therefore, may not — as he suggests he has done on prior occasions — take6 ‘ the position that the reduced rent has eliminated the landlord’s obligation to provide the service, on the theory that the rent thus saved by the tenant will compensate him for doing so himself, where feasible ”. The right to essential services vouchsafed a tenant of controlled housing accommodations may not be thus annihilated, against the tenant’s will, by fiat of the Bent Commissioner. In the absence of a renunciation or waiver by the tenant of his right to service, even if it consist of 11 a refrigerator, a stove, interior repairs or painting and decorating ” — services which respondent suggests may be compensated for —no increase under the 6% formula may be granted unless, at the time the Local Bent Administrator issues his order, the essential service is maintained.
In the instant case it is not disputed that the maintenance of window repair is an essential service. It is for that reason, and for the reason that this essential service was not being maintained on the date of the Local Bent Administrator’s order notwithstanding a prior rent reduction for failure to maintain such essential service, that respondent’s order of revocation was correct.
In all respects respondent’s determination was proper, and the proceeding is dismissed.